IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| SHEILA R. LAWSON, | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 4:19-cv-9-HLM-WEJ |
| NATCO PRODUCTS CORPORATION, | |
| **Defendants.** | |

---

**MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES'
JOINT MOTION FOR FLSA SETTLEMENT APPROVAL**

---

## I.      The Parties have reached a Settlement Agreement.

Plaintiff Lawson and Defendant Natco seek Court approval of an FLSA

Settlement Agreement (attached hereto as Exhibit A), *See Lynn's Food Stores, Inc.*

*v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (requiring court

approval of any settlement of FLSA minimum wage and overtime claims). The

Settlement, which was reached after arms-length negotiations, will provide

meaningful relief to Plaintiff and will permit the Parties to avoid the time, expense,

and uncertainty of protracted litigation. Accordingly, the Parties request that the

Court enter the attached Proposed Order Approving Settlement and

administratively close this action, pending Plaintiff's dismissal with prejudice. In support of this Motion, the Parties show the Court as follows:

## II.   Background

Plaintiff Lawson worked for Defendant Natco from approximately 2005 through June 1, 2017. Throughout her time at Natco, Plaintiff worked in various positions, including several years spent in the position of "Routing Manager." Plaintiff contends that, beginning in August 2014 and continuing through the end of her employment on June 1, 2017, she lost her managerial duties and worked in Natco's Order Management division performing routine data entry and order management duties. She further contends that, after this change in her, she was no longer properly classified as an FLSA exempt employee. However, until March 2017, Defendant continued to treat Plaintiff as exempt and did not compensate her at the appropriate overtime rate for hours worked in excess of 40 hours per week.

Based on her best recollections and the limited documents available to her without the benefit of full discovery, Plaintiff sought approximately $3,500 in unpaid overtime wages, and an equal amount in liquidated damages. Approximately 85% of the damages sought by Plaintiff depend on a jury finding of willfulness. *See* 29 U.S.C. § 255 (the FLSA's statute of limitations is 2 years

unless a jury finds that the violation was willful, in which case the statutory period is extended to 3 years).

Defendant Natco contends that Plaintiff retained managerial and discretionary job duties throughout her employment, making her an exempt employee. It further contends that, even if Plaintiff were found to be non-exempt, any damages Plaintiff sustained would be limited to the two years prior to the filing of this action, which would exclude the vast majority of the damages sought by Plaintiff.

The Parties have engaged in arms-length negotiations and have reached a compromise agreement of Plaintiff's FLSA overtime claim. The FLSA claim covered by this Settlement is disputed and the Settlement does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendant to Plaintiff. Defendant expressly denies having engaged in any wrongdoing or unlawful conduct in this lawsuit; disputes Plaintiff's entitlement to the amounts to be paid under this Settlement absent this Settlement; and disagrees with Plaintiffs as to, for example and without limitation, Plaintiffs' contentions that she was not exempt from the FLSA's maximum hour provision. Nevertheless, the Parties have entered into this Settlement as a compromise to avoid the risks, distractions, and costs that will result from further litigation.

The Parties' Settlement Agreement provides Plaintiff with $2,500 designated as wage income, which is approximately 71% of the full amount of back overtime wages sought by Plaintiff in this action. The Settlement Agreement further provides that Plaintiff will receive $1,875 designated as FLSA liquidated damages. This amount reflects a reduction of $625—or 25% of a total of $2,500 in liquidated damages—which are retained by Plaintiff's counsel as consideration for agreeing to advance all costs of litigation and hold Plaintiff harmless in the even of non-recovery.

Pursuant to the terms of the Parties' Settlement Agreement, Plaintiff's counsel will receive $5,175 in attorney's fees (which includes the $625 portion of liquidated damages retained). This amount constitutes less than the actual fees incurred by Plaintiff's counsel to date, billed at their regular rates of $425 for members, $325 for associates, $165 for senior paralegals, and $125 for other paralegals.

Finally, the Settlement Agreement provides that Plaintiff's counsel will receive $450 as reimbursement of actual costs incurred to date.

### III.   Legal Authority

#### A.   The FLSA Permits the Settlement and Release of Claims with Court Approval.

In the Eleventh Circuit, there are two ways in which claims under the FLSA may be settled and released. First, Section 216(c) of the FLSA allows individuals to settle and waive their claims under the FLSA if the payment of alleged unpaid wages is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores,* 679 F.2d at 1353. Second, in the context of a private lawsuit brought under Section 216(b) of the FLSA, an individual may settle and release FLSA claims if the parties present the District Court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id*.

#### B.   The Settlement is a Fair and Reasonable Resolution of the Bona Fide Disputes between the Parties.

Following good faith, arms-length negotiations, the Parties reached a settlement of Plaintiff's FLSA overtime claim. Due to the disputed facts, the uncertainties of litigation, and the benefit to the Parties in avoiding the expense and time associated with further litigation, the Parties have agreed to settle this matter.

The proposed Settlement arises out of an FLSA lawsuit brought by Plaintiff against Defendant, which was adversarial in nature. During the litigation and

settlement of this action, Plaintiff was represented by experienced counsel. The Parties reached the Settlement following significant negotiations. Plaintiff acknowledges that the Settlement reflects a reasonable compromise of disputed issues of fact. Specifically, the Parties disagree as to whether Plaintiff had primary duties that rendered her an overtime-exempt administrative employee and whether any violation of the FLSA was "willful" within the meaning of 29 U.S.C. § 255. This last point is especially significant because, even if Defendants failed to prove that Plaintiff were exempt, she would be unable to recover approximately 85% of the damages sought in this action if she did not prevail in proving a willful violation.

The attorney's fees that Plaintiff's counsel will recover are based on hours actually expended in litigation this action and reflect hourly rates that have been approved as reasonable by judges in this District on numerous occasions. *See*, *e.g.*, *Villa-Garcia v. Latin Mundo #2, Inc. et al.,* 1:17-cv-1834-TWT, Dkt. 23 (N.D. Ga. Feb. 21, 2018); *Mullen v. Teach-BAK, LLC et al.*, 1:17-cv-3956-SCJ, Dkt. 21 (N.D. Ga. July 20, 2018); *Castell et al. v. Castellucci Hospitality Group, Inc. et al.*, 1:18-cv-899-CAP, Dkt. 14 (N.D. Ga. Aug. 9, 2018); *Ballard v. The Townsend Corporation et al.*, 1:18-cv-3096-TWT, Dkt. 15 (N.D. Ga. Dec. 17, 2018).

Plaintiff's counsel's fees include $625 (i.e., 25% of Plaintiff's $2,500 in liquidated damages), which represent consideration for counsel's agreement to advance all costs of litigation and hold Plaintiff harmless in the even of non-recovery. This contractual provision is reasonable given the benefits it conveys upon Plaintiff, who otherwise would not be able to pay for the costs of litigation. This contractual provision has been approved as reasonable on multiple occasions by multiple judges in this District and the Middle District of Georgia. *See, e.g.*, *Harris et al. v. Atlanta Home Care, Inc. et al.*, 1:17-cv-1379-MHC, Dkt. 14 (N.D. Ga. Sept. 13, 2017); *Rawley et al. v. Tattle Tail, Inc. et al.*, 1:15-cv-3550-AT, Dkt. 17 (N.D. Ga. April 13, 2016); *Miller v. Rockdale County, Georgia*, 1:16-cv-4149-WSD, Dkt. 12 (N.D. Ga. June 21, 2017); *Villa-Garcia v. Latin Mundo #2, Inc. et al.,* 1:17-cv-1834-TWT, Dkt. 23 (N.D. Ga. Feb. 21, 2018); *Moore v. Americus Restaurant Group, Inc.*, 1:17-cv-107(WLS), Dkt. 21 (M.D. Ga. October 6, 2017).

The Parties believe the Settlement reached is fair and reasonable, and adequately compensates Plaintiff for her alleged unpaid overtime wages, and thus should be approved by the Court.

## IV.    Conclusion

WHEREFORE, the Parties respectfully request that the Court approve their Settlement Agreement, and, upon approval of the settlement, that the Court

administratively close this action pending Plaintiff's dismissal with prejudice upon

receipt of all settlement payments. A proposed Order is attached for the Court's

convenience.

Dated: March 28, 2019

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLL**

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, GA 30303
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

*/s/ Matthew W. Herrington*
Mitchell D. Benjamin
Georgia Bar No. 049888
Matthew W. Herrington
Georgia Bar No. 275411

Counsel for Plaintiff

**MCCAMY, PHILLIPS, TUGGLE & FORDHAM, LLP**

P.O. Box 1105
Dalton, Georgia 30722-1105
Telephone: (706) 278-4499
Fax: (706) 529-8814
nlock@mccamylaw.com

*/s/ Nathan D. Lock*
Nathan D. Lock
Georgia Bar No. 948780

Counsel for Defendant

## CERTIFICATION OF COMPLIANCE

I certify pursuant to Local Rule 7.1(D) that this brief was prepared in Times New

Roman, 14-point font, in compliance with LR 5.1(C), NDGa.

> /s/ Matthew W. Herrington
> Matthew W. Herrington
> Georgia Bar No. 275411